FROM WASHINGTON.
It is a general rule that secondary evidence shall not be admitted to prove the contents of any written document in the possession *Page 45 
of the adverse party, unless notice has been given to produce it on the trial. From the operation of this rule are excepted notices which have been served during the pendency of the suit — for the obvious reason that if they were not excepted the rule would extend to every successive noticead infinitum. In principle it would seem that the exception was limited to notices given, pending the suit, to produce some document for the purpose of evidence on the trial of the cause, and that the general rule would embrace other notices (2 Starkie Ev., 974). But modern decisions have extended the exception, and it now appears to embrace three descriptions of cases.
A notice given during the progress of the cause to produce a paper for the purpose of evidence is formal in its character, and comes within the reason of the exception. But a notice which has been given before the commencement of the suit, which makes an essential part of the cause of action, which is a link in the chain of plaintiff's right to recover, is of a different character, and would seem to require the best evidence the nature of the case would admit and all the cautions which the rules of evidence prescribe.
The application of this principle to a notice given by letter to the endorser of a promissory note, informing him of its dishonor by the maker, was sanctioned by Lord Kenyon, at Nisi Prius, in (69)Shaw v. Markham, Peake, 165, where he said: "No evidence of the contents of the letter can be received without a notice to produce it." The same rule was also applied by Lord Ellenborough, in Langdonv. Hulls, 5 Esp., 156, to the drawer of a bill of exchange, who had been notified by letter of the dishonor of the bill. But latter decisions have included within the exception to the general rule notices given by letter to drawers and endorsers, of the dishonor of bills and notes. These recent adjudications are referred to in 2 Starkie Ev., 260, and in Chitty on Bills, 406; in each of which the subject is spoken of as doubtful, and the practitioner is advised, from abundant caution, to give notice to produce the letter. In Ackland v. Pearce, 2 Camp., 601, LeBLANC, J., admitted secondary evidence against the drawer of a bill; and in Roberts v. Bradshaw, 1 Stark., 28, Lord Ellenborough was of opinion that a letter acquainting a party with the dishonor of a bill was in the nature of a notice, and that it was unnecessary to prove a notice to produce such a letter; thereby overruling his decision in Langdon v.Hulls, supra; but the case was decided upon another ground. And inLindenberger v. Beall, 6 Wheat., 104, the judges of the Supreme Court of the United States unanimously decided that against the endorser of a promissory note "it was unnecessary to give notice to the defendant to produce the letter" notifying him of the dishonor of the note, and *Page 46 
sanctioned the admission of secondary evidence to prove the contents thereof, without giving notice to produce the letter on the trial. These adjudications expressly bring within the exception to the general rule, notices to drawers and endorsers of bills and notes, they directly decide the point now before this Court. They emanate from too much wisdom and judicial experience, to be rashly disregarded. They are entitled to high respect, and I must allow them the weight of authority.
In Colling v. Treweck, 6 Barn. Cress., 394 — 18 Eng. C. L., (70) 208, it was decided by the Court of King's Bench, in 1827, that the copy of an attorney's bill, not signed by the attorney, the original of which, duly signed, had been delivered to the defendant, may be given in evidence, without notice to produce the original. BAYLEY, J., in delivering the opinion of the Court, distinctly points out those cases in which it is unnecessary to give notice to produce a document in the possession of the adverse party to justify the admission of secondary evidence. He says there are three descriptions of cases, where notice to produce an instrument is unnecessary. First, where the instrument produced and that to be proved are duplicate originals; secondly, where the instrument to be proved is a notice, as a notice to quit, or a notice of the dishonor of a bill of exchange; thirdly, where, from the nature of the suit the adversary must know that he is charged with the possession of the instrument, as in an action of trover for a bond or note. In Kine v. Beaumont, 3 Brod. Bing., 228, the Court of Common Pleas, after consulting the judges of the other Courts, held that the copy of an original letter, giving notice of the dishonor of a bill, was admissible, without notice to produce the original; and DALLAS, C. J., said he could not perceive the difference between a duplicate original and a copy made at the time.
The holder must show that he has used due diligence to give notice of the default. If the party to be served with notice reside in a different place or city, notice may be sent by letter through the postoffice. Putting the letter in the office in due season, properly directed and containing legal notice, is sufficient. The holder is not responsible for the safe carriage of the letter; he is not bound to prove that it came to the hands of the defendant. If the defendant received the letter, and it did not contain proper notice, or was not put in the office in due time, as may be ordinarily ascertained by reference to the postmarks, or there (71) was any circumstance appearing upon the face of the letter, or connected with it, to discharge him, he would certainly have it at the trial to shield himself from the claim. If it never reached the defendant, notice to produce it could not avail him, for then the seconddary [secondary] evidence would be admitted, of the introduction of which he now *Page 47 
complains. In neither event could the defendant be injured without gross negligence on his part. The bringing of the action is also of itself a species of notice to the defendant to produce the letter, or to be bound by secondary evidence. The notice to produce the letter may then be considered more as a matter of form than of substance. These are the reasons which occur to me for excluding from the operations of the general rule notices to drawers and endorsers of the dishonor of bills and notes, and for bringing them within the sphere of the exception to that general rule.
This country is daily becoming more commercial; every impulse to agriculture gives new impetus to commerce. As you promote the interest of one you augment the prosperity of the other. This practice may tend to facilitate the legal investigation of mercantile controversies, where the drawers or endorsers of bills or notes are to be charged, and may thereby give increased facility to the negotiation of this kind of commercial paper, and it is done without any possible prejudice to the interest of the drawers or endorsers.